# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN RICHARD TURNER,[1]
        Appellant,

    v.

DEPARTMENT OF THE NAVY,
        Agency.

DOCKET NUMBER
DC-0752-13-3401-I-1

DATE: May 20, 2015

## THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Steven Richard Turner</u>, Alexandria, Virginia, pro se.

<u>James M. Metcalfe</u>, Esquire, Portsmouth, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1     The appellant has filed a petition for review of the initial decision, which affirmed the agency's furlough action. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact;

---

[1] Pursuant to <u>5 C.F.R. § 1201.36</u>(a), this appeal was part of a consolidation. *NSSC I v. Department of the Navy*, MSPB Docket No. DC-0752-14-0844-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* <u>5 C.F.R. § 1201.117</u>(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      The appellant filed a Board appeal, challenging the agency's decision to furlough him for 6 days. Initial Appeal File (IAF), Tab 1 at 7-9 (notice of proposed furlough), 10-14 (decision letter), 15 (furlough Standard Form 50); *see* IAF, Tab 2. The appellant was informed that his appeal was consolidated with the appeals of similarly situated employees. *See NSSC I v. Department of the Navy*, MSPB Docket No. DC-0752-14-0844-I-1, Consolidated Appeal File (CAF), Tab 1. On September 1, 2014, the appellant filed a motion to compel, which the administrative judge denied because the record closed on August 29, 2014. *See* IAF, Tabs 3-4. The administrative judge issued an initial decision, finding that the furloughs promoted the efficiency of the service and concluding that the appellants did not prove any of their affirmative defenses, including their assertion that working capital fund (WCF) employees were exempt from sequestration. CAF, Tab 9, Initial Decision (ID). The appellant has filed a

petition for review, the agency has filed a response, and the appellant has filed a reply. Petition for Review (PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3    On review, the appellant challenges the administrative judge's conclusion regarding WCF employees. PFR File, Tab 1 at 4-8. He also contends that the administrative judge abused his discretion when he denied the motion to compel, and he appears to assert that he was confused about the timelines for filing such a motion. *See id.* at 8-12. For the following reasons, the appellant has not persuaded us that a different outcome is warranted.

¶4    A furlough is the placing of an employee in a temporary status without duties and pay because of a lack of work or funds or other nondisciplinary reasons. 5 U.S.C. § 7511(a)(5); 5 C.F.R. § 752.402. Furloughs of 30 days or less, as here, are reviewable under the "efficiency of the service" standard found in 5 U.S.C. § 7513(a). *Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013). An agency satisfies this standard in a furlough appeal by showing that the furlough was a reasonable management solution to the financial restrictions placed on it and that the agency applied its determination as to which employees to furlough in a fair and even manner. *Id.*, ¶ 8.

¶5    Since the parties filed their petition for review submissions, the Board addressed, in a precedential decision, an argument that WCFs were exempt from sequester. *See Einboden v. Department of the Navy*, 122 M.S.P.R. 302, ¶¶ 7, 9, 13-18 (2015). In pertinent part, the Board stated in *Einboden* that, even if WCFs were exempt from a sequestration order, "such an interpretation would not end [the Board's] inquiry into whether there were financial restrictions placed on the agency and whether the furlough was a reasonable management solution to these restrictions." *Id.*, ¶ 13 (citing *Chandler*, 120 M.S.P.R. 163, ¶ 8). After discussing the various financial restrictions placed upon the agency, and noting that it was reasonable for the Department of Defense to consider its budget

situation holistically, rather than isolating the situation of each individual Navy organization or component, the Board concluded that the furlough action was a reasonable management solution to those financial restrictions. *Einboden*, [122 M.S.P.R. 302](), ¶¶ 14-18. The Board therefore found that the agency met its burden of proof. *Id.*, ¶ 18.

¶6   The Board's decision in *Einboden* controls our analysis of the WCF argument raised by the appellant on review. Even if the appellant's WCF was exempt from a sequestration order, the Board would still need to consider whether the furlough was a reasonable management solution to the financial restrictions placed upon the agency.[3] The administrative judge's findings that the agency faced a lack of funds, that furloughs were a reasonable management solution to this problem, and that the agency determined which employees to furlough in a fair and even manner, *see* ID at 21-22, are supported by the record. We therefore affirm his conclusions that the agency proved the factual basis for the furlough and that the furlough promoted the efficiency of the service. *See* ID at 22.

¶7   Regarding the appellant's assertion that the administrative judge improperly denied his motion to compel, an administrative judge has broad discretion in ruling on discovery matters, and, absent a showing of an abuse of discretion, the Board will not find reversible error in such rulings. *Vaughn v. Department of the Treasury*, [119 M.S.P.R. 605](), ¶ 15 (2013). The abuse of discretion standard is "a very high standard" and it allows for "great deference." *Lipscomb v. Department of Defense*, [69 M.S.P.R. 484](), 487 (1996).

¶8   We conclude that the administrative judge did not abuse his discretion when he denied the appellant's September 1, 2014 motion to compel because the record closed on August 29, 2014. In the summary of telephonic status conference, the

---

[3] In light of the Board's decision in *Einboden*, we need not discuss the appellant's assertions that the administrative judge erroneously interpreted [2 U.S.C. § 905](g)(1)(A) and that the administrative judge erred when he concluded that the Balanced Budget and Emergency Deficit Control Act of 1985 did not shield the WCF in question from sequestration. *See* PFR File, Tab 1 at 5-6.

administrative judge advised the parties that "they must submit all evidence and argument in this case on or before **August 29, 2014**," and that responses will be due "on or before **September 5, 2014**." CAF, Tab 7 (emphasis in original). The administrative judge further explained that, at that time, he would close the record, and he would not allow for any more pleadings or submissions absent just cause. *Id.*

¶9        The order closing the record also discussed these deadlines:

[T]he record in this appeal will close on **August 29, 2014.** All evidence and argument must be filed by that date. Evidence and related argument filed after that date will not be accepted unless the party submitting the evidence shows that it is new and material evidence that was not available before the record closed. Notwithstanding the close of the record, however, pursuant to 5 C.F.R. § 1201.58(c), a party must be allowed to respond to new evidence or argument submitted by the other party just before the close of the record. Any rebuttal must be received on or before **September 5**, **2014**.

CAF, Tab 8 (emphasis in original). Notably, the appellant did not object to either of these orders or the timelines set forth therein.

¶10       Based on our review of these orders, the appellant had ample notice that the record in the appeal closed on August 29, 2014, except for rebuttal evidence or argument. His motion to compel can in no way be construed as rebuttal evidence or argument. To the extent that the appellant was confused about the deadlines, or he believed that he needed additional time to file a motion to compel, he could have sought clarification from the administrative judge and/or filed a motion to keep the record open. He did not take any such action, and we do not find that the administrative judge abused his discretion in this regard.[4]

---

[4] It does not appear that the administrative judge ruled on the appellant's motion to reconsider regarding the denial of the motion to compel. *See* IAF, Tab 5. We DENY that motion.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.